USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 9/11/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERONIMO ARAGON-PADILLA, *On behalf of himself and others similarly situated,*

Plaintiff,

-v-

NATALEX REST. INC., ET AL.,

Defendants.

16-CV-6444 (VSB)

ORDER

VERNON S. BRODERICK, United States District Judge:

On May 10, 2017, I issued an order denying without prejudice the parties' request that I approve the proposed settlement agreement in light of the parties' inclusion of a confidentiality provision in that proposed settlement agreement (the "May 10 Order").[1] (Doc. 34.) I further instructed the parties that they may proceed by either (1) filing a revised settlement agreement that did not include a confidentiality provision; or (2) filing a joint letter indicating the parties' intention to abandon settlement. (*Id.*) The parties have submitted a revised settlement agreement that removes the confidentiality provision. (Doc. 35-1.) As such, and for the reasons stated in the May 10 Order, I find that the revised settlement agreement appears to be a fair and reasonable resolution of this dispute. I must now "separately assess the reasonableness of plaintiffs' attorney's fees . . . ." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). Because I find that the attorney's fees and costs are fair and reasonable, I also approve the requested attorney's fees and costs.

[1] I assume the parties' familiarity with the background of this action and the relevant legal standard, which is contained in my May 10 Order. (Doc. 34.)

**I. <u>Legal Standard</u>**

It is within my discretion whether to award attorney's fees based on either the lodestar method or the percentage of the fund. *See Vasquez v. TGD Grp., Inc.*, No. 14-CV-7862 (RA), 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016). "'[T]he trend in this Circuit is toward the percentage method,' although it is for district court to determine 'the appropriate method' in a particular case." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016) (quoting *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)). District courts are also encouraged to "cross-check" the percentage fee requested against counsel's "lodestar." *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043(PAE), 2015 WL 5577713, at *13 (S.D.N.Y. Sept. 22, 2015) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). In applying the lodestar method, courts first calculate the "lodestar" amount by multiplying the reasonable number of hours worked on the case by a reasonable hourly rate of compensation, and then adjust the lodestar based upon case-specific considerations. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

"It bears emphasis that whether calculated pursuant to the lodestar or the percentage method, the fees awarded in common fund cases may not exceed what is 'reasonable' under the circumstances." *Hart*, 2015 WL 5577713, at *13 (quoting *Goldberger*, 209 F.3d at 47). In analyzing the reasonableness of the fee, a court should be guided by the following factors: "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507(JMF), 2014 WL 1100135, at *2 (S.D.N.Y. Mar. 20, 2014) (quoting *Goldberger*, 209 F.3d at 50). Furthermore, because the "adversary system is typically diluted" in attorney's fees determinations, as

defendants have little incentive to challenge the amount of attorney's fees once a settlement amount is agreed to, I must assess the fee "based on scrutiny of the unique circumstances of each case, and a jealous regard to the rights of those who are interested in the fund." *Goldberger*, 209 F.3d at 52–53 (internal quotation marks omitted).

## II. **Discussion**

The parties' original joint letter provides that Plaintiff's counsel would receive one-third of the settlement amount, or $28,333.33, as attorney's fees and costs. (Doc. 33 at 5.) Plaintiff's counsel represents that the costs and fees are as stated in Plaintiff's retainer agreement, which provided that counsel would receive one-third of the settlement amount. (*Id.*; *see also* Doc. 33-3.) Plaintiff's counsel further contends that the fees amount is appropriate under the lodestar. (Doc. 33 at 6–7.)

As an initial matter, courts regularly approve fees of one-third of the settlement amount in FLSA cases. *See Gaspar v. Personal Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District."). In support of the requested attorney's fee award, Plaintiff's counsel submitted contemporaneous billing records. (Doc. 33-4.) It is clear that Plaintiff's counsel expended significant time investigating and researching Plaintiff's claims, conferring with Plaintiff, reviewing documents, and negotiating and executing the settlement.

Plaintiff's counsel calculates a single hourly rate for each of the attorneys working on this matter as $450/hour, as counsel states that the work was all closely supervised by a partner with over twenty years of experience in employment litigation. (Doc. 33.) I have calculated that the firm worked approximately 60.85 hours on this matter, which, multiplied by the combined

hourly rate, totaled $27,382.50.[2]

Notwithstanding counsel's representation that all work was closely supervised by an experienced partner, counsel has not submitted information warranting that I apply a uniform hourly rate of $450/hour—which is on the higher end of the average for *experienced* attorneys in this district. *See, e.g.*, *Rosendo v. Everbrighten Inc.*, No. 13-CV-7256, 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015) ("[A]ttorneys in FLSA cases typically command . . . rates of between $250 and $450 per hour, depending on their level of experience.") (citation omitted), *report and recommendation adopted*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015); *Easterly v. Tri-Star Transp. Corp.*, No. 11-CV-6365, 2015 WL 337565, at *10 (S.D.N.Y. Jan. 23, 2015) ("Courts in this District have determined that between $250 and $450 is an appropriate fee for experienced civil rights and employment litigators."); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507–08 (S.D.N.Y. 2012) (awarding fees to the plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work). However, even applying a lower hourly rate of $300/hour, the amount that would have been billed totals $18,255, resulting in a lodestar multiplier of 1.5, which is below the lodestar multipliers deemed appropriate in FLSA cases in this district.[3] *See, e.g., Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (awarding 2.28 multiplier from modified lodestar calculation and noting that a "multiplier near 2 compensates [plaintiffs' counsel] appropriately" for "the risk associated with contingent fees in FLSA cases"). Based on this analysis, I find the attorney's fees and costs contemplated to be fair and reasonable.

---

[2] Plaintiff's counsel states that its time litigating this action exceeded 60 hours, such that attorney's fees totaled $26,842.50. (Doc. 33 at 6.) However, this Court conducted its own calculations based on the billing records submitted, and calculated the amount of attorney's fees as $ 27,382.50 and the costs, or expenses, as $610, totaling the $27,992.50 listed in the billing records and invoice. (*See* Doc. 33-4.)

[3] In calculating the lodestar multiplier, I subtract the costs—$610—from the $28,333.33 requested as attorney's fees and costs.

## III. Conclusion

For the reasons stated above, I find the settlement fair and reasonable. The revised settlement agreement of the parties, (Doc. 35-1), is hereby APPROVED. The Clerk's Office is respectfully directed to close the case.

SO ORDERED.

Dated: September 11, 2017
New York, New York

Vernon S. Broderick
United States District Judge